### ARMSTRONG, M'GEHEE & CO. v. GAY.

1. Protest given in evidence to jury; the plaintiff afterwards, when the evidence was gone through, relying on other evidence as sufficient to support his issue, moves to withdraw it from the jury: He may do so, the Court not having charged the jury as to the effect of the protest, or of any of the evidence.

2. A. M. & Co. draw on J G. L. in April, at sight; the drawee having no funds of theirs in hands. The bill presented only in August and acceptance refused. The payee entitled to recover of drawers, though demand and notice not in reasonable time; and although, if demanded in due time, it might perhaps have been paid and although drawers thought drawee would pay. They having no right to expect drawee would pay, and the bill being drawn for their accommodation.

JAMES GAY brought assumpsit against Armstrong, M'Gehee & Co. in Tuscaloosa Circuit Court, on an in‑

land bill of exchange drawn by them, at Mobile, the 14th April, 1823, on James G. Lyon at St. Stephens, payable at sight to the plaintiff for $378 95.

The declaration contained three counts on the bill, and a common count for merchandize and cotton sold. The first count alleges a presentment and refusal to pay, the time in blank, and a notice of nonpayment to the drawers on the 25th August, 1823. The second count alleges a presentment for acceptance and notice to drawers time in blank. The third count alleges a presentment, time in blank, and that Lyon had not at any time from the drawing of said bill, any effects of the drawers in his hands ; that he had received no consideration from the drawers to accept the bill, and that they had sustained no damage for want of notice to them of nonpayment, &c.

The defendant, M'Gehee, and Crawford (a copartner,) pleaded the general issue, and at the October term, 1825, a trial by jury was had before Judge Gayle.

The defendant took a bill of exceptions at the trial, by which it appears that the plaintiff offered a protest made by a notary public of Washington county, for nonpayment of the bill, shewing a presentment in that county. The defendants objected to the introduction of the protest as evidence, on the ground that it was a protest of an inland bill; which objection the Court overruled, and the protest was read. After all the evidence had been introduced, the plaintiff asked leave to withdraw the protest, conceiving he had made proof enough otherwise to support his issue, and not wishing to endanger the cause. The defendant objected to the withdrawal ; but the Court permitted it, no instruction then having been given to the jury as to the legal effect of the protest, or of any of the evidence.

The bill of exceptions further shews, that the plaintiff offered in evidence, the depositions of James G. Lyon, the drawee, and of Latham Cooper, a clerk of Armstrong, M'Gehee & Co. The witness, Lyon, states that he became indebted to Armstrong, M'Gehee & Co. in April, 1823, for upwards of $600 ; that he gave his note for the amount, payable the first day of January thereafter, which note was by them transferred to William Armstrong, and has since been paid to him; other than this, that he had no funds of the drawers, nor of any one over which they had control ; that the bill was presented to him by Gay, for payment, in August or September, 1823, and

payment was refused for want of funds of the drawers in hand, knowing that the note made by the witness had been transferred by them, and because the firm of A. M. & Co. had been dissolved; and also, because he knew, or rather supposed that the check (accompanying the bill of exchange) on the Mobile Bank, which was intended by the drawers to remunerate the witness for paying the bill, would not be paid by the Bank; that when the bill was presented to the witness, a letter was also handed directed to him, and sealed, in the hand writing of Joshua Armstrong, one of the partners of the firm of A. M. & Co. which was as follows:

<em>JANUARY</em> 1827.<br>Armstrong,<br>M'Gehee & Co.<br>v.<br>Gay.

SIR: I have drawn on you for $378 95, in 'favor of James Gay, which please pay. I enclose you our check for the same amount; which you can dispose of to the Bank. I will be up in a few days.

Your friends,<br>ARMSTRONG, M'GEHEE & Co.

Call on Gamble for assistance.

JAMES G. LYON, Esq.

<em>St. Stephens.</em>

The check enclosed was as follows:

"$378 95.  MOBILE, 14th April, 1823.

The Cashier of the Bank of Mobile, pay A. B. or bearer, three hundred and seventy eight $\frac{25}{100}$ dollars.

ARMSTRONG, M'GEHEE & Co."

The witness said he considered the check as a proposed indemnity to him to induce him to honor the bill. The bill never was paid by him to Gay nor any one else, and A. M. & Co. never placed him in funds to pay said bill.

On cross examination by the defendants, being asked if he did not owe $58 to the drawers at the date of the bill, and also the note for $600, due the 1st January thereafter, he says: that in March or April, 1823, he owed and gave his note for upwards of $600, due the 1st of January thereafter; that Joshua Armstrong, previously to his becoming a partner of the firm, owed him $100, for which he held his note; that he gave Mr Woodyard an order on him for a barrel of sugar and a bag of coffee, which were delivered to Mr Woodyard, amounting to about $50, for which amount the note of Joshua Armstrong was credited with his privity and consent; and that he did not owe the firm said sum of $58. He further states in answer to defendants questions,

23

that he was doing mercantile business in St Stephens, and bought goods of the drawers when he gave his note to them ; that it is usual for mercantile men to accommodate each other by lending money, and sometimes by making and accepting bills, when a sufficient intimacy exists to justify it ; merchants sometimes accept drafts for each other without expectation of indemnity previously given ; this however, depends upon circumstances ; that Joshua Armstrong was the acting partner of the firm of A. M. & Co., and that the witness did not doubt that said Armstrong believed he would pay the draft to Gay ; that he thinks he should have paid the bill if presented within a few days after drawn ; that on one occasion he paid a similar draft drawn by the same firm in favor of W. Woodyard, which was accompanied by a check of indemnity, drawn by A. M. & Co. on the Mobile Bank, which was duly paid by the Bank. He could not say what the intention of the drawers was, as to the check ; they might have understood that the witness would have negotiated it at the St Stephens Bank, but he believed it was intended for his indemnity for paying the bill ; that he has known the St Stephens Bank, and Bank of Mobile, to advance money on checks drawn on each other, when they were satisfied the checks would be paid ; that he has no doubt A. M. & Co. expected he would, if necessary, have endorsed the check to the St Stephens Bank at the time when drawn, but it could not be when they were presented, as they had then dissolved their partnership, and it was generally believed they had failed ; that in April, 1823, he considered the firm solvent, and had always understood that William M'Gehee was wealthy.

Latham Cooper in his deposition said, that he was the clerk and book keeper of the firm of A. M. & Co. in Mobile, previous to, and on the 14th April, 1823 ; that there were no funds of the firm in the hands of Mr Lyon at that date, to his knowledge, and he thinks if there had been, he must have known it. Lyon was indebted at that time to the firm, by note, payable 1st January, 1824, in the sum of six hundred and some dollars, and also in the sum of $58 by account, due previous to the date of the note, and not included in it; that he thinks there was a small balance in the Mobile Bank, at the date of the bill, to the credit of the firm, not exceeding $20. The firm was in the habit of depositing money in Bank, and had on

some occasions overdrawn their deposites ; but that it was
not usual for the Bank to honor checks over the actual
deposite, and this depends upon the extent of deposites,
and standing of the person in Bank ; that there were
deposites made after the 14th of April, 1823 ; how soon
after, or amount not recollected. Deposites were made to
meet notes in Bank, and also for general purposes, with-
out appropriation. He believes that from the 14th April,
1823, till the 1st May, there were demands in Mobile due,
and falling due during that month, sufficient to consume
the deposites in Bank during that period ; the difference
was but few dollars either way. He knows of no depo-
sites having been made in Bank to meet the draft drawn
on Lyon ; he knew of the existence of that draft a few days
after drawn ; sometimes there were deposites in Bank
of from one to five hundred dollars, unappropriated for
from one to four days. He proves the signature and
hand writing of the letter and check to be Joshua Arm-
strong's.

Cross examined by the defendants, he says, he supposes
the check was sent by the hands of Mr Gay to Lyon, to
raise money to meet the draft, by a deposite of said check
in the St Stephens Bank, as there were transactions of this
character between the two Banks, as he believes. He be-
lieves that merchants are in the habit of accommodating
each other by endorsements and acceptances when they
believe it safe ; but never knew Mr Lyon to endorse or
accept for A. M. & Co. ; that about the 23d of May,
1823, Joshua Armstrong handed over Lyon's note to
William Armstrong, and parted with all interest therein ;
that the credit of the firm was good in the Mobile Bank
the 14th April, 1823.

The defendant's counsel moved the Court to instruct
the jury that, if from the facts stated by Lyon and Coo-
per, they believed the defendants had a fair pretence for
drawing the bill, and had a reasonable expectation that it
would be honored, that then it was necessary to prove a
presentment of the bill for payment, within a reasonable
time after it was made, and notice to the defendants with-
in a reasonable time after such presentment and refusal,
in order to charge the defendants ; which instruction
the Court refused.

The defendants further requested the Court to charge
the jury that, if they believed the facts deposed by Lyon

JANUARY 1827. and Cooper to be true, then that the defendants drew

Armstrong,
M'Gehee & Co.
v.
Gay.

on funds in the hands of the drawee of the bill; which instruction the Court also refused. To which opinions the defendant excepted. The depositions of Lyon and Cooper contain all the evidence in relation to the two last instructions prayed.

The jury found a verdict for $443 22, for the plaintiff. The defendants brought the cause to this Court, and assign for error the matter of the bill of exceptions; and also that judgement was rendered against all the defendants as on an issue submitted to the jury, when in fact, only two of them pleaded.

COLLIER and HITCHCOCK, for the plaintiffs in error.

BARTON and PICKENS, for defendant, cited several authorities. [a]

a 4 Cranch 141. 1
Ibid. 260. 2
Campb. 503. 2
Hayw. 302, 332.
Chit. on B. 257,
258, 260 and note
C. 318. Laws of
Ala. 454, 68, 69,
70, 449.

The cause was argued at the July term, 1826, and held under advisement until this term; at which, by a majority of the Court, the judgement was affirmed. The opinions given are, however, not to be found on file.

JUDGE CRENSHAW dissenting, and JUDGE GAYLE not sitting.